IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 17 A 11: 50

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. – JFM-09-0178 |
| | * | CIVIL NO. – JFM-12-3105 |
| DOUGLAS M. ROSEBY | * | |

******

## MEMORANDUM

Douglas M. Roseby has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The motion will be denied.

Roseby claims that his trial counsel was ineffective. As an initial matter, it is to be noted that Roseby cannot complain about ineffective assistance of counsel because he fired two different attorneys, represented himself for much of the pretrial proceedings, and did not ask to have counsel reappointed until moments before a jury section. In any event, Roseby's complaints are without merit.

He contends that his trial counsel was ineffective for failing to file a pretrial motion to suppress. Roseby himself, however, filed the motion. The motion was denied by the court. Although Roseby contends that Government counsel was guilty of prosecutorial misconduct by failing to turn over to the defense impeachment material, there is no evidence that any such impeachment material existed. As to Roseby's claim that a mistrial should have been declared because one of the Government witnesses, Detective Blasko, discussed with jurors places to eat lunch, the claim was fully explained at trial. A hearing on this issue was held before me, and I determined that a mistrial should not be declared because the discussion was entirely inadvertent

and during the discussion Detective Blasko specifically asked Roseby's defense counsel for his suggestion as to a place to eat lunch. In response, defense counsel pointed to a nearby restaurant.

Roseby also contends that his appellate counsel was ineffective for failing to raise two issues on appeal: (1) a Fourth Amendment challenge to his unlawful arrest without probable cause because of a deficient warrant, and (2) a Fifth Amendment due process violation arising from the fact that the trial court erred by withholding evidence from the defense. Again, Roseby's contentions are without merit. This court found that the warrant was supported by probable cause, and no evidence was withheld by the Government.

A separate order denying Roseby's motion is being entered herewith.

Date: 1/17/13

J. Frederick Motz
United States District Judge